17-1008-cv
*Karavitis v. Makita U.S.A., Inc.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand eighteen.

PRESENT:    GUIDO CALABRESI,
                JOSÉ A. CABRANES,
                RAYMOND J. LOHIER, JR.,
                     *Circuit Judges.*

---

EUSTATHIOS KARAVITIS,

        *Plaintiff-Appellant,*              17-1008-cv

        v.

MAKITA U.S.A., INC.,

        *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**          JOHN T. BOCHANIS, Daly, Weihing & Bochanis, Bridgeport, Connecticut

**FOR DEFENDANT-APPELLEE:**          JOHN W. CERRETA, JAMES H. ROTONDO, Day Pitney LLP, Hartford, Connecticut

Appeal from a judgment of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

1

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the April 4, 2017 judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Eustathios Karavitis ("Karavitis") appeals from the District Court's decision granting Defendant Makita U.S.A., Inc.'s ("Makita") motion to exclude expert testimony and motion for summary judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Karavitis purchased a portable Makita circular saw and used it dozens of times over at least a 15-year period. In 2013, while using the saw to cut a piece of pine wood, he injured his thumb. Karavitis claimed that the saw "kicked back" and "came out of the wood" during use, causing the blade to lacerate his left thumb, resulting in tendon and nerve damage. Relying on the opinion of Lewis Barbe, a safety engineer, Karavitis brought suit claiming that the saw was defectively designed and lacked adequate warnings.[1] At issue is (1) whether the District Court properly exercised its discretion in excluding Barbe's testimony, and (2) whether the District Court correctly held that, with the testimony of his lone expert excluded, Karavitis failed to proffer evidence of a defect sufficient to raise a genuine dispute of material fact for trial.

## I.

The decision whether to exclude expert testimony requires assessing, among other factors, the qualifications of the proposed expert; whether the proposed testimony is based on reliable data and methods; and whether the proposed testimony would be helpful to the trier of fact. *Nimely v. City of New York*, 414 F.3d 381, 396-97 (2d Cir. 2005). The party proffering the proposed expert evidence bears the burden of establishing its admissibility by a preponderance of the evidence. *United States v. Williams*, 506 F.3d 151, 160 (2d Cir. 2007). "We review a district court's determination to admit or exclude expert testimony under *Daubert* for abuse of discretion." *Amorgianos v. National R.R. Passenger Corp.*, 303 F.3d 256, 264 (2d Cir. 2002). "The decision to admit expert testimony is left to the broad discretion of the trial judge and will be overturned only when manifestly erroneous." *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1042 (2d Cir. 1995).

The District Court concluded that Barbe lacked adequate qualifications and that his opinions, both regarding the design of the saw and Makita's alleged failure to warn, were unreliable. Upon a review of the record, we conclude that the District Court's exclusion of Barbe's testimony for lack of adequate qualifications was not manifest error. Barbe has a bachelor's degree in fire protection and safety engineering, and has offered no explanation of how that degree qualifies him with respect to the issue in the case at hand. Barbe's record does indicate expertise in general safety engineering, as well as some experience with circular saws. But, again, Barbe failed to explain the relevance of those credentials.

The adequacy of an expert's qualifications "can only be determined by comparing the area in which the witness has superior knowledge, skill, experience, or education" with the actual "subject

---

[1] Karavitis originally brought suit in Connecticut Superior Court. Makita successfully filed for removal to the United States District Court for the District of Connecticut.

matter of the witness's testimony." *United States v. Diallo*, 40 F.3d 32, 34 (2d Cir. 1994). On that score, the District Court was within its broad discretion to determine that Karavitis failed to establish that Barbe's experience qualified him to provide expert testimony regarding this circular saw. Indeed, in several other cases—such as a tort claim related to a table saw—courts have rejected the notion that Barbe's general background in safety engineering qualifies him to offer expert testimony on the design of a particular product. *See, e.g. Hilaire v. DeWalt Indus. Tool Co.*, 54 F.Supp. 3d 223 (E.D.N.Y. 2014).

We similarly conclude that the District Court's holding that Barbe's opinions were not reliable was not manifest error. Upon review of the record, we conclude that the District Court was within its broad discretion to find that Barbe did not reliably substantiate his central claim that the omission of a riving knife rendered the circular saw at issue unreasonably dangerous—Barbe provided neither evidence from studies on riving knives or through design testing with a riving knife. We additionally conclude that the District Court did not commit manifest error in excluding Barbe's opinions on Makita's alleged failure to warn. Accordingly, we conclude that the District Court's decision not to admit Barbe's testimony was not clearly erroneous.

## II.

We review a district court's grant of summary judgment de novo. *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 167 (2d Cir. 2014). In doing so, we "construe the facts in the light most favorable to the non-moving party and ... resolve all ambiguities and draw all reasonable inferences against the movant." *Id.* (internal citation omitted). "A dispute about a 'genuine issue' exists … where the evidence is such that a reasonable jury could decide in the non-movant's favor." *Id.* (internal citation omitted). "We uphold a grant of summary judgment 'if the evidence, viewed in the light most favorable to the party against whom it was entered, demonstrates that there are no genuine disputes of material fact and that the judgment is warranted as a matter of law.'" *Id.* (internal citation omitted).

The District Court found no genuine issues of fact that would preclude summary judgment. To prove a strict products-liability claim under Connecticut law, the plaintiff must show, among other factors, that "the product was in a defective condition unreasonably dangerous to the consumer or user." *Bifolck v. Philip Morris*, Inc., 152 A.3d 1183, 1202 (Conn. 2016). Determining whether a product is unreasonably dangerous and, hence, defective requires the application of either 1) the risk-utility test or 2) the consumer expectation standard. *Id.* at 1192-93, 1202-03. The risk-utility test is "our primary test," and the consumer expectation test is "a secondary test," "reserved for those cases in which the product failed to meet consumers' legitimate, commonly accepted, *minimum* safety expectations." *Id.* at 1193, 1203.

We conclude that the District Court correctly applied the risk-utility test for the circular saw. We note that Connecticut's risk-utility test differs from the risk-utility test discussed in Restatement (Third) of Torts, Products Liability (which Connecticut expressly rejected). *Id.* at 1196-1201. And that the risk-utility test in Connecticut does not, by its terms, necessarily require expert testimony, or even cost data comparing the allegedly defective product with an alternative product. *See id.* at 1197, 1202-1204. The Connecticut Supreme Court describes the risk-utility test as a common-sense test, looking to the benefits and risks of the allegedly defective products in light of what are or might be available alternatives. *See id.* at 1203. But, even with risk-utility so defined, upon review of the record, we find that Karavitis has not proffered admissible evidence creating a genuine dispute of material fact as to whether Makita's saw was unreasonably dangerous under Connecticut's risk-utility test.

We similarly conclude that the District Court properly granted summary judgment on Karavitis's failure to warn claim. He offers no evidence suggesting that different warnings would have altered his behavior. The warnings he proposes were in fact included in the manual Makita made available with the saw which Karavitis testified that he had read. Without evidence of cause, summary judgment was proper. *See Haesche v. Kissner*, 640 A.2d 89, 93 (Conn. 1994) (granting summary judgment because there was no evidence a warning would have altered the plaintiff's behavior).

## CONCLUSION

We have reviewed all the arguments raised by Karavitis on appeal and find them to be without merit. Accordingly, we **AFFIRM** the April 4, 2017 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk